No. 26-2501

---

United States Court of Appeals
for the Seventh Circuit

---

State of Wisconsin
Plaintiff/Appellee,

v.

John D. Johnson, Sr., in his official capacity as President of the
Lac du Flambeau Band of Lake Superior Chippewa Indians, et al.,
Defendants/Appellants.

---

Appeal from U.S. District Court for the Western District of Wisconsin
No. 3:26-cv-00401 (Hon. William M. Conley)

---

# Docketing Statement of Defendants

---


Andrew Adams III (WI #1041779)
Vanya S. Hogen (MN #023879X)
Samantha Hermsen Sanchez (WI #1141570)
Alexis Studler (MN #0505578)
Hogen Adams PLLC
2277 Hwy 36 W., Suite 270
St. Paul, MN 55113
Phone: (651) 842-9100
E-mail: aadams@hogenadams.com
vhogen@hogenadams.com
shermsensanchez@hogenadams.com
astudler@hogenadams.com

Defendants-Appellants John D. Johnson, Sr., and the other Defendants named below, all in their respective official capacities as officials of the Lac du Flambeau Band of Lake Superior Chippewa Indians (collectively, the "Tribal Parties"), submit the following docketing statement under Federal Rule of Appellate Procedure 3(c) and Seventh Circuit Rule 3(c).

I. Jurisdictional Statement

A. Jurisdiction of the District Court

On April 29, 2026, the State of Wisconsin filed the complaint in this action against the Defendants-Appellants, all officials of the Lac du Flambeau Band of Lake Superior Chippewa Indians (the "Tribe"), sued solely in their respective official capacities. (Dkt. 1.) The complaint asserts three counts: (i) violation of the Treaty with the Chippewas of September 30, 1854, 10 Stat. 1109 (the "1854 Treaty"); (ii) violation of the Tenth Amendment to the United States Constitution; and (iii) a declaratory-judgment claim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, that the Tribe lacks regulatory authority over non-member fishing in Wisconsin's navigable waters within the exterior boundaries of the Reservation.

The United States District Court for the Western District of Wisconsin had subject-matter jurisdiction under 28 U.S.C. § 1331, because the action arises under the Constitution and treaties of the United States.

B. Jurisdiction of the Court of Appeals

On June 17, 2026, the district court entered an Opinion and Order (Dkt. 34) and

a separate Preliminary Injunction (Dkt. 35) granting the State of Wisconsin's motion for a preliminary injunction and enjoining Tribal Parties from enforcing Lac du Flambeau Tribal Council Resolutions 8(26), 119(26), and 131(26), and any similar resolution restricting non-member fishing rights on navigable waters, during the pendency of the litigation.

No motion tolling the time to appeal was filed. On July 17, 2026, Tribal Parties timely filed a notice of appeal in the district court within the thirty-day period provided by Federal Rule of Appellate Procedure 4(a)(1)(A). (Dkt. 40.)

This Court has jurisdiction over the appeal under 28 U.S.C. § 1292(a)(1), which authorizes interlocutory appeals as of right from orders of the district courts granting injunctions.

C. Interlocutory Posture and Claims Remaining Below

Because the district court's June 17, 2026 order granted a preliminary injunction rather than a final judgment, and because claims remain for disposition in the district court, Tribal Parties provide the following additional information under Seventh Circuit Rule 28(a)(3).

The order on appeal is the district court's June 17, 2026 Opinion and Order (Dkt. 34) and separately entered Preliminary Injunction (Dkt. 35). The statutory basis for interlocutory appellate jurisdiction is 28 U.S.C. § 1292(a)(1). No certification under Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b) was sought or is required.

The following claims remain pending before the district court: Count I (1854 Treaty), Count II (Tenth Amendment), and Count III (Declaratory Judgment Act).

In addition, Tribal Parties' Motion to Dismiss all Counts of the Complaint, filed in the district court and now in briefing, remains pending before the district court and has not been decided. The Tribal Parties have not answered the complaint, and no counterclaims have been asserted.

## II. Official Capacity of Tribal Parties

Each Defendant-Appellant is sued solely in his or her official capacity as an official of the Lac du Flambeau Band of Lake Superior Chippewa Indians. Under Seventh Circuit Rule 3(c)(1), the following are the current occupants of the relevant official positions:

- John D. Johnson, Sr., in his official capacity as President of the Tribal Council;
- George Thompson, in his official capacity as Vice-President of the Tribal Council;
- Jamie Allen, in her official capacity as Secretary of the Tribal Council;
- Nadine Poupart, in her official capacity as Treasurer of the Tribal Council;
- Gloria Cobb, in her official capacity as a Member of the Tribal Council;
- William Mitchell, Sr., in his official capacity as a Member of the Tribal Council;
- Katrina Mares, in her official capacity as a Member of the Tribal Council;
- Shane Mitchell, in his official capacity as a Member of the Tribal Council;
- Zachary Allen, in his official capacity as a Member of the Tribal Council;
- Betty Lou Wayman, in her official capacity as a Member of the Tribal Council;
- Stephanie Thompson, in her official capacity as a Member of the Tribal Council;
- Sedwick Armstrong, in his official capacity as a Member of the Tribal

Council;

- Hunter Mayo, in his official capacity as Tribal Fish Hatchery Manager for the Lac du Flambeau Band of Lake Superior Chippewa Indians;
- Araia Breedlove, in her official capacity as Public Relations Director for the Lac du Flambeau Band of Lake Superior Chippewa Indians;
- TJ Bill, in his official capacity as Chief of Police and chief law enforcement officer for the Lac du Flambeau Band of Lake Superior Chippewa Indians;
- Ryan Gauthier, in his official capacity as Chief Conservation Officer for the Lac du Flambeau Band of Lake Superior Chippewa Indians.

III. Prior or Related Appellate Proceedings

There are no prior appellate proceedings in this case and no other appellate proceedings that Tribal Parties identify as sufficiently related to this appeal within the meaning of Seventh Circuit Rule 3(c)(1).

Dated: July 24, 2026

Respectfully submitted,

/s/ Andrew Adams III

Andrew Adams III (WI #1041779)
Vanya S. Hogen (MN #023879X)
Samantha Hermsen Sanchez (WI #1141570)
Alexis Studler (MN #0505578)
Hogen Adams PLLC
2277 Hwy 36 W., Suite 270
St. Paul, MN 55113
Phone: (651) 842-9100
E-mail: aadams@hogenadams.com
vhogen@hogenadams.com
shermsensanchez@hogenadams.com
astudler@hogenadams.com

Certificate of Service

I hereby certify that on July 24, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United State Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Andrew Adams III
Counsel for Defendants-Appellants